United States District Court
District of Massachusetts

| | |
|---|---|
| Kathryn Gouin, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 16-10440-NMG |
| Nolan Associates, LLC d/b/a ) | |
| Boston Harbor Cruises, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This cases arises out of an accident that occurred when a vessel christened M/V CODZILLA allegedly crossed the wake of a passing vessel causing plaintiff Kathryn Gouin ("plaintiff" or "Gouin") to injure her back. Plaintiff generally alleges that defendant Nolan Associates, LLC d/b/a Boston Harbor Cruises ("defendant" or "Nolan") was negligent in operating the vessel and failing to warn passengers of the risk of injury.

Pending before the Court are defendant's motion to amend its answer to add affirmative defenses and plaintiff's motion to extend discovery deadlines and continue the trial. For the reasons that follow, both motions will be allowed.

I. **Background**

On or about August 3, 2014, Kathryn Gouin boarded the M/V CODZILLA ("the vessel"), a 65-foot vessel owned and operated by

-1-

Nola Associates, LLC, for a cruise in Boston Harbor. At some point during the excursion, the vessel allegedly crossed the wake of a passing vessel, which resulted in Gouin being thrown into the air. She fell back into her seat and sustained serious injuries, including a spine fracture.

In March, 2016, Gouin filed a complaint against Nolan Associates, LLC and Boston Harbor Cruises, Inc. Gouin amended her complaint in May, 2016, dismissing Boston Harbor Cruises, Inc. upon discovery that the entity had dissolved in or about 1990. The amended complaint alleges two counts against Nolan Associates, LLC, now doing business as Boston Harbor Cruises: negligence (Count I) and gross negligence (Count II).

This Court held a scheduling conference on June 29, 2016 in which it set the following deadlines relevant to the pending motion:

1) January 31, 2017: fact discovery complete;

2) February 28, 2017: plaintiff's expert designations due;

3) March 31, 2017: defendant's expert designations due;

4) April 30, 2017: expert discovery complete and

5) September 11, 2017: trial commences.

In an endorsed order dated January 23, 2017 (Docket No. 34), this Court allowed the parties' joint motion for an

extension of the time deadlines.  The Court then entered the following amended scheduling order:

1) April 28, 2017:  fact discovery complete;

2) May 31, 2017:  plaintiff's expert designations due;

3) June 30, 2017:  defendant's expert designations due;

4) July 31, 2017:  expert discovery complete and

5) October 2, 2017:  trial commences.

After several more months of discovery, in May, 2017, defendant moved to amend its answer to plaintiff's amended complaint in order to add additional affirmative defenses.  In June, 2017, plaintiff filed a motion to extend certain discovery deadlines and to continue the trial.  This memorandum addresses those motions.

## II. The Pending Motions

### A. Legal Standard

After a court has set a deadline for amending the pleadings at a scheduling conference, the "liberal amendment policy" in Fed. R. Civ. P. 15 gives way to the "more stringent good cause standard" in Fed. R. Civ. P. 16(b). O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004) (internal quotations omitted).  In evaluating whether a party has shown good cause, courts consider 1) "the diligence of the party seeking the amendment" and 2) whether the opposing party would be prejudiced if modification were allowed. Id. at 155.

"[I]ndifference by the moving party" weighs against a showing of good cause. Id. (internal quotations omitted).

The rationale behind the good cause standard is that it provides courts with the "devices necessary to manage [their] docket[s]" and facilitates "effective case management." Id. (internal quotations omitted). Trial courts are granted "great latitude in carrying out case-management functions." Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993). Courts often consider efficiency and case management when deciding a motion to amend. See Smith & Nephew, Inc. v. Surgical Sols., Inc., 353 F. Supp. 2d 135, 138 (D. Mass. 2004); Abbott Labs. v. Inverness Med. Tech., No. 98-cv-10674-GAO, 2002 WL 1906533, at *3 (D. Mass. Aug. 19, 2002).

That "good cause" standard also applies to motions to amend other deadlines set by the Court at the scheduling conference. See O'Connell, 357 F.3d at 154.

**B.  Application**

**1.  Defendant's Motion to Amend its Answer**

Defendant has shown good cause to amend its answer to plaintiff's amended complaint. Although it produced a ticket template with sample disclaimers to be used during the summer of 2014, defendant did not receive confirmation that plaintiff had such a ticket in her possession until her deposition in March 29, 2017. Plaintiff then produced her actual ticket two days

later, on March 31, 2017. See Penobscot Nation v. Mills, No. 12-cv-254, 2014 WL 442429, at *3 (D. Me. Feb. 4, 2014) ("Defendant's request to amend does not reflect delay, rather it reflects the developing factual record related to this litigation.")

With respect to the second element, the Court concludes that neither party would be prejudiced by the amendment because, as explained below, the Court will allow plaintiff's motion to extend the discovery deadlines and continue the trial. Cf. Cosman v. Simon Roofing & Sheet Metal Corp., No. 12-11537, 2013 WL 2247498, at *3 (D. Mass. May 17, 2013) (allowing motion to amend complaint because, in part, the parties' motion to extend discovery deadlines was allowed).

Accordingly, the Court will allow defendant's motion to amend its answer.

   2.   **Plaintiffs' Motion to Extend Discovery Deadlines and Continue Trial**

Plaintiff requests a three-month extension of the deadlines for completion of discovery, as well as a three-month continuance of the trial, primarily because defendant has not made its witnesses available to be deposed in a timely manner. Defendant generally responds that plaintiff was dilatory in requesting such depositions.

The Court has "broad discretion" to allow motions to extend deadlines. Macaulay v. Anas, 321 F.3d 45, 49 (1st Cir. 2003). Here, plaintiff appears to have acted diligently with respect to seeking depositions of potential witnesses but defendant did not make its corporate witnesses available to be deposed until June, 2017. One of those witnesses could not be deposed until June 27, 2017, only three days before the deadline for plaintiff to designate its expert witnesses, if any.

Defendant submits that it will be prejudiced by a three-month continuance of the deadlines because it might have requested a viewing of the subject vessel at trial but the vessel will not be in the water in the winter months. Such prejudice is, however, minimal.

Moreover, the good cause standard focuses more on the moving party's diligence than prejudice to the opposing side. O'Connell, 357 F.3d at 155. Here, plaintiff has acted diligently.

Accordingly, plaintiff's motion to extend the discovery deadlines and continue the trial will be allowed.

**ORDER**

In accordance with the foregoing, defendant's motion to amend its answer to plaintiff's amended complaint (Docket No. 48) is **ALLOWED** and plaintiff's motion for extension of time (Docket No. 55) is **ALLOWED.**

The revised pre-trial schedule is as follows:

| | |
|---|---|
| 07/31/2017 | Fact discovery completed; |
| 08/31/2017 | Plaintiff's expert designations due; |
| 09/29/2017 | Defendant's expert designations due; |
| 10/31/2017 | Expert discovery completed; |
| 11/15/2017 | Dispositive motions due and oppositions due 21 days after service of the motions; |
| 02/07/2018 | Final pretrial conference; |
| 02/12/2018 | Jury trial commences. |

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 28, 2017