United States District Court
District of Massachusetts

| | |
|---|---|
| Kathryn Gouin, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 16-10440-NMG |
| Nolan Associates, LLC d/b/a ) | |
| Boston Harbor Cruises, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of an accident that occurred in Boston Harbor when M/V CODZILLA allegedly hit the wake of a passing vessel causing a passenger, plaintiff Kathryn Gouin ("plaintiff" or "Gouin"), to injure her back. Plaintiff alleges, pursuant to general maritime law, that defendant Nolan Associates, LLC d/b/a Boston Harbor Cruises ("defendant" or "BHC") was negligent in operating the vessel and failing to warn passengers of the risk of injury.

Pending before the Court are defendant's motions for partial summary judgment and to strike. For the reasons that follow, those motions will be denied.

## I. Background

On or about August 3, 2014, Kathryn Gouin boarded M/V CODZILLA ("the vessel"), a 65-foot vessel owned and operated by Nolan Associates, LLC, for a cruise in the Boston Harbor. At some point during the excursion, the vessel hit either a rogue wave or the wake of a passing vessel. Gouin alleges that the turbulence threw her into the air and that when she fell back into her seat she sustained serious injuries, including a compression fracture of her L2 vertebrae.

In March, 2016, Gouin filed a complaint against Nolan Associates, LLC and Boston Harbor Cruises, Inc. She amended her complaint in May, 2016, and dismissed Boston Harbor Cruises, Inc. upon discovering that it had been dissolved in or about 1990. The amended complaint alleges two counts against Nolan Associates, LLC, now doing business as Boston Harbor Cruises: negligence (Count I) and gross negligence (Count II).

## II. Defendant's motion for partial summary judgment

### A. Legal standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B.  Punitive damages**

Boston Harbor Cruises submits that Exxon Shipping Co. v. Baker, 554 U.S. 471 (2008), created a per se rule that punitive damages in maritime tort cases may not exceed compensatory damages. Accordingly, defendant asks this Court to enter judgment that any jury award of punitive damages in this case

may not exceed the amount of compensatory damages.  Plaintiff responds that any decision on that issue is premature and that the Exxon opinion did not create a ceiling for punitive damages in all maritime cases.

The ripeness doctrine ensures that "the harm asserted has matured sufficiently to warrant judicial intervention." Warth v. Seldin, 422 U.S. 490, 499 n. 10 (1975).  To demonstrate that a claim is ripe for litigation, a plaintiff must show 1) "the fitness of the issues for judicial decision" and 2) "the hardship to the parties of withholding court consideration." Roman Catholic Bishop of Springfield v. City of Springfield, 724 F.3d 78, 89 (1st Cir. 2013) (citation omitted).

The first element, fitness, examines whether the issue "involves uncertain and contingent events that may not occur as anticipated or may not occur at all." Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 535 (1st Cir. 1995). The second prong, hardship, concerns the harm to the parties that would result from withholding a decision. Reddy v. Foster, 845 F.3d 493, 501 (1st Cir. 2017).

Defendant's argument is unavailing as to both parts of the test.

First, the possibility of a punitive damage award exceeding the compensatory award depends on a precarious and unforeseeable chain of events.  The issue will arise only if 1) the jury finds

gross negligence or recklessness, 2) the jury awards plaintiff punitive damages and 3) that award exceeds the compensatory damage award.  These "uncertain and contingent events" render the issue unripe for review at this time. See Ernst & Young, 45 F.3d at 535.

Second, Boston Harbor Cruises has not demonstrated how the Court's forbearance on this issue will cause it hardship.  A favorable finding would not dispose of any substantive claims nor alter any necessary defenses.  In the absence of a pretrial decision on punitive damages, BHC will not be "required to engage in, or to refrain from, any conduct." Texas v. United States, 523 U.S. 296, 301 (1998).  Defendant faces no hardship here.

Because the hardship BHC anticipates is speculative and superficial it is not ripe for judicial determination at this time.  Defendant's motion for partial summary judgment, with respect to a punitive damages cap, will therefore be denied.

### III. **Defendant's motion to strike**

Defendant moves to strike two exhibits attached to plaintiff's opposition to summary judgment.  BHC contends that the first exhibit, a United States Coast Guard Investigative Report, is inadmissible under 46 U.S.C. § 6308(a).  Plaintiff responds that she introduced that exhibit only in rebuttal after defendant opened the door to that report.  Defendant argues that

the second exhibit, incident reports documenting prior injuries aboard M/V CODZILLA are inadmissible hearsay.  Plaintiff submits that those reports are admissible as party admissions and business records.

Having resolved defendant's motion for summary judgment without reliance on the exhibits at issue, this Court finds that the motion to strike is moot.  To the extent that the parties intend to dispute their admission at trial, those issues are more properly addressed through motions *in limine*.  Indeed, defendant has submitted three such motions challenging the incident reports and one such motion challenging the USCG investigation report.

Accordingly, defendant's motion to strike will be denied as moot.

## ORDER

In accordance with the foregoing, defendant's motion for partial summary judgment (Docket No. 70) is **DENIED** and defendant's motion to strike (Docket No. 78) is **DENIED AS MOOT.**


**So ordered.**

/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated April 11, 2018